UNITED STATES BANKRUPTCY COURT
                               DISTRICT OF MINNESOTA

|  |  |
|---|---|
| In re: <br> **Steven Blake Levesseur** <br><br> DEBTOR. <br> *In a joint case,* <br> *debtor means debtors in this plan.* | **THIRD MODIFIED CHAPTER 13 PLAN** <br><br> Dated: **November 14, 2008** <br><br> Case No. **08-32254** |

1. **DEBTOR'S PAYMENTS TO THE TRUSTEE** —

   a. As of the date of this plan, the debtor has paid the trustee $ _____
   b. After the date of this plan, the debtor will pay the trustee $ **250.06** per **Month** for **36** months, beginning within 30 days after the order for relief for a total of $ **9,002.16**. The minimum plan payment length is ___ 36 or **x** 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
   c. The debtor will also pay the trustee $ **850.00** for months 37 through 48 and $ **1,157.00** for months 49 through 60.
   d. The debtor will pay the trustee a total of $ **34,336.46** [line 1(a) + line 1(b) + line 1(c)].

2. **PAYMENTS BY TRUSTEE** — The trustee will pay from available funds only creditors for which proof of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ **3,433.64**, [line 1(d) x .10].

3. **ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)]** — The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

   | Creditor | Monthly Payment | Number of Months | Total Payments |
   |---|---|---|---|
   | -NONE- | $ | | $ |
   | **a.** TOTAL | | | $ **0.00** |

4. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** — The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

   | Creditor | Description of Property |
   |---|---|
   | -NONE- | |

5. **CLAIMS NOT IN DEFAULT** — Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

   | Creditor | Description of Property |
   |---|---|
   | -NONE- | |

6. **HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)]** — The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. ***All following entries are estimates.*** The trustee will pay the actual amounts of default.

   | Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
   |---|---|---|---|---|---|
   | -NONE- | $ | $ | | | $ |
   | **a.** TOTAL | | | | | $ **0.00** |

7. **CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e) ]** — The trustee will cure defaults on the following claims as set forth below. The debtor will pay for the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. ***All following entries are estimates, except for interest rate.***

   | Creditor | Amount of Default | Int. rate (if applicable) | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
   |---|---|---|---|---|---|---|
   | -NONE- | $ | | $ | | | $ |

| Creditor | Amount of Default | Int. rate (if applicable) | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. TOTAL | | | | | | $ 0.00 |

8. **OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** — The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| Creditor | Claim Amount | Secured Claim | Int. Rate | Beg. in Mo. # | (Monthly Pmnts) | x (No. of Pmnts) | = Pmnts on Account of Claim | + (Adq. Prot. from ¶ 3) | = TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|
| -NONE- | $ | $ | | $ | | | $ | $ | $ |
| a. TOTAL | | | | | | | | | $ 0.00 |

9. **PRIORITY CLAIMS** — The trustee will pay in full all claims entitled to priority under § 507, including the following. ***The amounts listed are estimates.*** The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| -NONE- | $ | $ | | | $ |
| a. TOTAL | | | | | $ 0.00 |

10. **SEPARATE CLASSES OF UNSECURED CREDITORS** — In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows: **-NONE-**
The trustee will pay the allowed claims of the following creditors. ***All entries below are estimates.***

| Creditor | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | $ |
| a. TOTAL | | | | | | $ 0.00 |

11. **TIMELY FILED UNSECURED CREDITORS** — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately $ **30,902.82**   [line 1(d) minus lines 2, 6(a), 7(a), 8(a), 9(a) and 10(a)].

   a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $ **0.00**.

   b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $ **331,230.00**.

   c. Total estimated unsecured claims are $ **331,230.00**   [line 11(a) + line 11(b)].

12. **TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10 or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

13. **OTHER PROVISIONS** —
   **The Debtor will pay mortgage to Countrywide and car payments to Chase Auto Finance outside of the plan.**
   **The Trustee will not pay untimely filed claims.**
   **The Debtor will surrender to River Bank the following two properties commonly known as 100 – 424th Street and 42130 Afton Avenue both located in Fish Lake Township, Minnesota.**

**14. SUMMARY OF PAYMENTS** —

| | | |
|---|---|---:|
| Trustee's Fee [Line 2]............................................................................................ | $ | **3,433.64** |
| Home Mortgage Defaults [Line 6(a)] ................................................................... | $ | **0.00** |
| Claims in Default [Line 7(a)] ................................................................................ | $ | **0.00** |
| Other Secured Claims [Line 8(a)] ......................................................................... | $ | **0.00** |
| Priority Claims [Line 9(a)] .................................................................................... | $ | **0.00** |
| Separate Classes [Line 10(a)]................................................................................ | $ | **0.00** |
| Unsecured Creditors [Line 11]............................................................................... | $ | **30,902.82** |
| **TOTAL [must equal Line 1(d)]** ....................................................................... | $ | **34,336.46** |

*Insert Name, Address, Telephone and License Number of Debtor's Attorney:*
**Jamie R. Pierce 0305054**
**Hinshaw & Culbertson LLP**
**333 South Seventh Street**
**Suite 2000**
**Minneapolis, MN 55402**
**612-333-3434**
**0305054**

Signed   **/s/ Steven Blake Levesseur**
         **Steven Blake Levesseur**
         DEBTOR

121226197v2 888720 65678

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Case No.: 08-32254 |
| Steven Blake Levesseur, | Chapter 13 Case |
| Debtor. | |

---

### THIRD NOTICE OF MODIFICATION OF CHAPTER 13 PLAN

---

TO: United States Bankruptcy Court, United States Bankruptcy Judge Dennis D. O'Brien, Chapter 13 Trustee, U.S. Trustee, All Creditors in Interest.

PLEASE TAKE NOTICE that on December 11, 2008 at 10:30 a.m. before The Honorable Dennis D. O'Brien, at the United States Bankruptcy Court, Courtroom 2B, 2nd floor, 316 North Robert Street, St. Paul, Minnesota, the hearing on confirmation of the Third Modified Chapter 13 plan in the above referenced bankruptcy will be held.

Dated: November 14, 2008         HINSHAW & CULBERTSON LLP

By:  /e/ Jamie R. Pierce
Jamie R. Pierce (#305054)
Accenture Tower
333 South Seventh Street
Suite 2000
Minneapolis, MN 55402
Telephone: 612-333-3434
Fax: 612-334-8888

Attorneys for Debtor Steven Blake Levesseur

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:                                          Case No.: 08-32254

Steven B. Levesseur,
                                                Chapter 13 Case
         Debtor.

---

### PROOF OF SERVICE

---

Amy E. Kulbeik, an employee of Hinshaw & Culbertson LLP, and in the course of said employment on November 14, 2008, caused the following documents:

1. Third Notice of Modification of Chapter 13 Plan; and
2. Third Modified Chapter 13 Plan.

to be served upon the parties on the attached service list via first class U.S. mail, addressed, postage prepaid at Minneapolis, Minnesota and filed electronically with the Clerk of Court through ECF and a copy of the above-referenced documents were delivered to the people listed below who are Filing Users, by automatic e-mail notification pursuant to the Electronic Case Filing System and this notice constitutes service or notice pursuant to Local Rule 9006-1(a).

Jasmine Z Keller    cmecfjzkmn@ch13mn.com, backup_cmecf@ch13mn.com
Steven Lodge    lodge@nashandlodge.com
D. Sherwood McKinnis    sherwood@lindberg-mckinnis.com
Recovery Management Singh    claims@recoverycorp.com
US Trustee    ustpregion12.mn.ecf@usdoj.gov

Dated: November 14, 2008

                                    *Amy Kulbeik*
                                    Amy E. Kulbeik

Tar Paper Shacks, Inc.
268 S. Garfield Street
Suite 1
Cambridge, MN 55008

Michael Chopp
31624 Wittenberg Street NE
North Branch, MN 55056-6582

Associates Plus of East Central, Inc., d/b/a Remax Associates Plus - Stacy Novak
3351 Round Lake Blvd.
Anoka, MN 55303

GenErik Heating & Cooling, Inc.
8703 347th Street
Stacy, MN 55079-9530

Lamperts
1850 Como Avenue
St. Paul, MN 55108-2796

Phillip Simon
PO Box 49414
Blaine, MN 55449

Billy Tooze
40580 Fenian Way
North Branch, MN 55056

Sampson Well Company
6901 167th Avenue
Forest Lake, MN 55025

T & R Painting
P.O. Box 21181
Minneapolis, MN 55421

1st St Bank of Wyoming
26741 Felton Ave.
P.O. Box 308
Wyoming MN 55092

Condor
8282 Arthur Street NE
Minneapolis MN 55432

Countrywide Home Loans
P.O. Box 650070
Dallas TX 75265

Daniel N. Rosen
Parker Rosen, LLC
133 First Avenue North
Minneapolis MN 55402

Duane Anderson
43265 Decker Avenue
Harris MN 55032

E&D Excavating
32103 Hwy 47
Cambridge MN 55008

M&S Drywall
12450 Beard Avenue South
Burnsville MN 55337

GM Card
PO Box 80082
Salinas CA 93912-0082

Hasser Garage Doors, Inc.
340 Bayberry Road
Braham MN 55006

Maroschek Drywall
28361 Forest Blvd.
Wyoming MN 55092

Nordic Insulation
1550 93rd Lane NE
Blaine MN 55449

Norway Electric Company, Inc.
5390 260th Street
Wyoming MN 55092

Ramberg Construction Inc.
9552 375th Street
North Branch MN 55056

River Bank
11151 Lake Blvd, P.O. Box A
Chisago City MN 55013

Scott Michelle Muellner
38308 Branch Avenue
North Branch MN 55056

Tim Leland
280 424th Street
Harris MN 55032

United Products Corporation
200 West Sycamore Street
Saint Paul MN 55117

US Bank
PO Box 790408
Saint Louis MO 63179-0408

US Bank World Perks Visa
PO Box 790408
Saint Louis MO 63179-0408

William Tooze
40580 Fenian Way
North Branch MN 55056

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re

Steven B. Levesseur,                                Chapter 13

   Debtor,                                          BKY Case No.: 08-32254

\_\_\_\_\_ PETITION, SCHEDULES & STATEMENTS
\_\_\_\_\_ CHAPTER 13 PLAN
\_\_\_\_\_ SCHEDULES AND STATEMENTS ACCOMPANYING VERIFIED CONVERSION
\_\_\_\_\_ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
XX\_\_ MODIFIED CHAPTER 13 PLAN
\_\_\_\_\_ OTHER (Please describe:_____)

I [We], the undersigned debtor(s) or authorized representative of the debtor, *make the following declarations under penalty of perjury:*

- The information I have given my attorney and provided in the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;
- The information provided in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case is true and correct;
- **[individual debtors only]** If no Social Security Number is included in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case, it is because I do not have a Social Security Number;
- I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration and the completed "Debtor Information Pages," if applicable; and
- **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: 11-14-08

X _____         X _____
Signature of Debtor or Authorized Representative     Signature of Joint Debtor

X _____         X _____
Printed Name of Debtor or Authorized Representative  Printed Name of Joint Debtor

Form ERS 1 (Rev 10/03)

121213579v1 66899